**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| BROOKWOOD FUNDING, LLC, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 1:14-cv-2960-SCJ |
| AVANT CREDIT CORPORATION, | ) | |
| INC., AVANTCREDIT OF GEORGIA, | ) | |
| LLC, & DOES 1-10, | ) | |
| | ) | |
|     Defendants. | ) | |

## BROOKWOOD'S INITIAL DISCLOSURES

    **1.    State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.**

    Plaintiff Brookwood Funding, LLC ("Brookwood") brings this action against Defendants Avant Credit Corporation, Inc., Avant Credit of Georgia, LLC, and Does 1-10 (collectively, "Avant") for trademark infringement, false advertising, trademark dilution, unfair competition, tortious interference with business expectancy, and litigation expenses over certain uses Avant has made of Plaintiff's "Brookwood" service mark in connection with the sale of Avant's services, which directly compete with Brookwood's services.

Brookwood owns statutory and common-law rights in the service mark consisting of the word "Brookwood," which Brookwood uses and has used for many years to promote the consumer-lending services it offers to the public (the "Brookwood Mark"). Trading off the significant goodwill of the Brookwood Mark, Avant, a direct competitor of Brookwood, has used the Brookwood Mark to advertise its own services and steal Brookwood's current and potential customers.

By way of example, Avant published an advertisement on Google that read as follows: "Brookwood loans – Try Avant Loans. Quick & Secure." This advertisement and others like it led consumers to believe the services offered in the links below the advertisements were associated with Brookwood. However, when users clicked on these links, they were re-directed to Avant's website, where there was nothing to disabuse consumers of the (false) notion that Avant is associated with Brookwood and/or offers Brookwood products. Given the manner of Avant's advertising practices, as described in more detail in Brookwood's First Amended Complaint, it is likely that Avant ran many different misleading advertisements on many different search engines using the Brookwood Mark and other consumer lending marks owned by companies sharing common ownership with Brookwood (which may be added as parties in this action).

Only after Avant failed to respond in any way to Brookwood's repeated attempts to resolve this matter without litigation was Brookwood forced to file this action seeking damages, injunctive relief, and litigation expenses.

The legal issues in this case include: 1) whether Avant has infringed the Brookwood Mark; 2) whether Avant's use of the Brookwood Mark constitutes Dilution of the Brookwood Mark; 3) whether Avant's use of the Brookwood Mark amounts to a false statement of the origin of Avant's services or the nature of the relationship between Brookwood and Avant; 4) whether Avant's conduct constitutes unfair competition; 5) whether Avant's conduct constitutes tortious interference with Brookwood's business expectancy; 7) what relief is appropriate; and 8) whether Avant has been stubbornly litigious in its dealings with Brookwood such that Brookwood is entitled to an award of litigation expenses.

**2.     Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.**

This action is governed by the Lanham Act as well as Georgia statutory and common law applicable to actions for trademark infringement, trademark dilution, unfair competition, false advertising, tortious interference with business expectancy, and recovery of litigation expenses. *See, e.g.*, 15 U.S.C. § 1125(a) (Lanham Act unfair competition and false advertising); 15 U.S.C. § 1125(c) (Lanham Act trademark dilution); O.C.G.A. § 23-2-55 (Georgia unfair competition

3

statute); O.C.G.A. § 10-1-451(b) (Georgia trademark dilution statute); O.C.G.A. § 10-1-370 *et seq.* (Georgia Deceptive Trade Practices Act); O.C.G.A. § 10-1-420 *et seq.* (Georgia false advertising statute); O.C.G.A. § 13-6-11 (Georgia litigation expenses recovery statute).

**3.     Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.  (Attach witness list to Initial Disclosures as Attachment A.)**

*See* Attachment A.

**4.     Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.  For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.  (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)**

At the time of filing its initial disclosures, Brookwood has not designated an expert to testify at trial.  Brookwood will supplement its response to this disclosure request once it has made a decision regarding expert witnesses.

**5.     Provide a copy of, or a description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control, that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of information.  (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

*See* Attachment C.

**6.** **In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

The calculation of Brookwood's damages is dependent upon information that will be learned during discovery, including the amount of profits that Avant generated during the time it wrongfully used the Brookwood Mark and engaged in false and deceptive advertising practices. Because discovery has not yet begun, Brookwood is unable to perform a calculation of damages at this point. Brookwood reserves its right to supplement its response upon discovery of additional information.

**7.** **Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)**

At this time, Brookwood is not aware of any such insurance agreement. Should Brookwood become aware of such an agreement, Brookwood will supplement this initial disclosure.

**8.      Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiff's cause of action and state the basis and extent of such interest.**

At this time, Brookwood is not aware of any such person or legal entity.

Should Brookwood become aware of any such person or legal entity, Brookwood will supplement this initial disclosure.

Respectfully submitted this 19th day of December, 2014.

WARGO & FRENCH, LLP

s/ Ryan D. Watstein
JOSEPH D. WARGO
Georgia Bar No. 738764
jwargo@wargofrench.com
RYAN D. WATSTEIN
Georgia Bar No. 266019
rwatstein@wargofrench.com
999 Peachtree Street, N. E.
26th Floor
Atlanta, Georgia  30309
(404) 853-1500 (telephone)
(404) 853-1501 (facsimile)

*Attorneys forPlaintiff*

## ATTACHMENT "A"

A.     Corporate representative of Plaintiff, who may be contacted through Plaintiff's counsel.  Plaintiff's corporate representative may have information concerning the Brookwood Mark and the business practices of Plaintiff and its affiliates.

B.     Corporate representative of Defendant Avant Credit Corporation, Inc., who may be contacted through Avant's counsel.  Avant's corporate representative may have information concerning Avant's use of the Brookwood Mark, Avant's profits, and Avant's advertising and business practices.

C.     Corporate representative of Defendant Avant Credit of Georgia, LLC, who may be contacted through Avant's counsel.  Avant's corporate representative may have information concerning Avant's use of the Brookwood Mark, Avant's profits, and Avant's advertising and business practices.

D.     Corporate representative of any companies Avant hired, or individuals Avant employed, with knowledge concerning Avant's advertising practices.

Discovery has not yet begun, and Brookwood therefore reserves its right to supplement its response upon discovery of additional information.

## ATTACHMENT "C"

A.      Correspondence exchanged between Brookwood and Avant concerning attempted resolution of this dispute without litigation.

B.      Screenshots of Avant's Keyword Insertion- and AdWord-based advertising on popular search engines, which were attached to Brookwood's First Amended Complaint.

Discovery has not yet begun, and thus Brookwood hereby reserves the right to supplement this description of document categories as its investigation of this matter continues.

Respectfully submitted this 19th day of December, 2014.


WARGO & FRENCH, LLP

s/ Ryan D. Watstein
JOSEPH D. WARGO
Georgia Bar No. 738764
jwargo@wargofrench.com
RYAN D. WATSTEIN
Georgia Bar No. 266019
rwatstein@wargofrench.com
999 Peachtree Street, N. E.
26th Floor
Atlanta, Georgia  30309
(404) 853-1500 (telephone)
(404) 853-1501 (facsimile)

*Attorneys forPlaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2014, I electronically filed the foregoing **INITIAL DISCLOSURES** with the Clerk of Court using the CM/ECF System, which will automatically send e-mail notification of such filing to the following attorneys of record:

Jami A. Gekas, Esq.
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, Illinois 60654

Brooke L. French, Esq.
CARLTON FIELDS JORDEN BURT, P.A.
1201 West Peachtree Street, N.W., Suite 3000
Atlanta, Georgia 30309

/s/ Ryan D. Watstein
Ryan D. Watstein
Attorney for Plaintiff