IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BROOKWOOD FUNDING, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 1:14-cv-2960-SCJ |
| AVANT CREDIT CORPORATION, ) | |
| INC., AVANTCREDIT OF GEORGIA, ) | |
| LLC, & DOES 1-10, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF BROOKWOOD FUNDING, LLC'S OPPOSITION TO DEFENDANTS AVANT CREDIT CORPORATION AND AVANT CREDIT OF GEORGIA, LLC'S MOTION TO DISMISS**

## I. INTRODUCTION

Plaintiff Brookwood Funding, LLC ("Brookwood") has been selling consumer loans online under its BROOKWOOD service mark for at least seven years. Avant Credit Corporation and Avant Credit of Georgia, LLC (collectively "Avant") have been selling directly-competing consumer loans for a fraction of that time. Avant has used the BROOKWOOD mark, verbatim, and in a number of ways, to advertise its directly-competing services. Avant has done this on the internet, the sole channel through which Brookwood sells loans.

As alleged in the Complaint, Avant has purchased certain advertising such that when Brookwood's current and potential customers search for "Brookwood Loans" on Google, the ***first search result potential customers see*** is a site that uses the BROOKWOOD mark. When these same consumers click on BROOKWOOD, howeer,they are *directed to Avant's website*, not Brookwood's. Avant admits its misconduct in its motion to dismiss but then asks this Court to give it a free pass. However, as alleged in Brookwood's forty-page Amended Complaint, Avant has intentionally traded on Brookwood's goodwill, infringed Brookwood's trademark, and stolen Brookwood's current and prospective customers.

Avant's Motion to Dismiss ignores the vast majority of Brookwood's well-pleaded allegations. Avant also misrepresents certain facts and misstates, omits, or ignores controlling authority. For example, Avant's primary argument—that Avant only used BROOKWOOD in "a single sponsored ad" that constituted "classic nominative fair use" (i.e., comparative advertising)—fails for two reasons. First, Brookwood alleges in its Complaint[1] that Avant has used BROOKWOOD in ***numerous*** ways on ***numerous*** occasions, not just in the one "sponsored ad" that Brookwood ***caught*** Avant using. These allegations must be accepted as true at this stage at this stage of the litigation; therefore, Avant's failure to address them is

---

[1] As used herein, "Complaint" refers to both Brookwood's Complaint and Amended Complaint, unless otherwise specified.

fatal to its motion. Second, Avant's admitted use of BROOKWOOD in its first-position Google advertisement is *not* nominative fair use, as a matter of law; rather, it is a trademark use that is extremely likely to cause confusion. Binding Eleventh Circuit case law and other directly-on-point authority compels this conclusion.

Avant's other arguments are equally meritless. For example, Avant argues that Brookwood has failed to prove that its mark is famous. However, Brookwood is not required to *prove* that its mark is famous at the pleading stage, as Avant apparently contends. Instead, Brookwood is only required to **plead** facts showing that it is plausible that its mark is famous. Brookwood has done this.

For all these reasons and the others discussed below, the Court should deny Avant's motion to dismiss.

## II. BACKGROUND FACTS

### A. Avant Uses Brookwood's Mark, Verbatim, to Advertise Consumer Loans that Directly Compete with Brookwood.

Brookwood owns statutory and common-law rights in the service mark consisting of the word "BROOKWOOD," which it has used for at least seven years to promote consumer-lending services online. (Am. Compl. ¶¶ 16, 18-19 ECF No. 15.) For these seven years, Brookwood has spent significant time,

3

money, and effort engaging in extensive advertising, marketing, and promotion of BROOKWOOD throughout the Country. (*Id.* ¶¶ 22-24, 93-94.)

Avant is Brookwood's direct competitor; it offers consumer lending services substantially identical to those offered by Brookwood. (*See id.* ¶¶ 6, 28-32.) Avant has been in business for no more than two years, a fraction of the time Brookwood has been operating and investing in the BROOKWOOD mark. (*Id.* ¶¶ 28-32.)

As explained in detail in Brookwood's Complaint, Avant has been using BROOKWOOD to advertise Avant's own directly-competing services online and thereby trade off of Brookwood's goodwill. (*Id.* ¶¶ 33-65.) For example, Avant created and ran the following ad on Google: "Brookwood loans – Try Avant Loans. Quick & Secure." (*See* Am. Compl. ¶ 43.) When users searched Google for "Brookwood Loans" when Avant's infringing ad (the "Infringing Ad") were running, the Infringing Ad was the *first search result* that Brookwood's current and potential consumers saw. (Am. Compl. ¶ 43.) This Infringing Ad, and others like it, led consumers to believe the services offered in the links below the advertisements were associated with Brookwood. (*Id*. ¶¶ 45-47, 60.) However, when users clicked on BROOKWOOD, they were *re-directed to Avant*, where there was nothing to disabuse consumers of the (false) notion that Avant is

4

associated with Brookwood. (*Id.* ¶¶ 45-47.) Avant also uses the BROOKWOOD mark in a variety of ways, such as in Google ads other than the Infringing Ad, ads on other search engines, and elsewhere. (*Id.* ¶¶ 34-35, 43, 56, 58.)

### B. Avant Stonewalls Brookwood's Attempts to Resolve This Matter Without Litigation, Forcing Brookwood to File Suit.

Upon learning of Avant's infringing conduct, Brookwood attempted to resolve this matter without litigation. (*Id.* ¶¶ 66-71.) Confronted with a screen shot depicting the Infringing Ad, Avant acknowledged the wrongfulness of its use of BROOKWOOD by purporting to remove the Infringing Ad from the web. However, Avant refused to respond to Brookwood's repeated attempts to further resolve this matter without the necessity of litigation. (*Id.* ¶¶ 66-71.) Avant also refused to identify the other ways it used the BROOKWOOD mark or confirm that no such other uses exist, as Brookwood requested (which Avant would presumably confirm if it had not used BROOKWOOD in other ways). (*See id.*) As a result, Brookwood was forced to file this litigation. (*Id.*)

After Brookwood filed this litigation, Brookwood again asked Avant to identify all of its uses of BROOKWOOD, but Avant refused, choosing to litigate instead.

5

**C. Avant Ignores the Well-Pleaded Allegations in Brookwood's Complaint.**

On November 19, 2014, Avant filed its motion to dismiss or, in the alternative, for a more definite statement. In their motion, Avant ignores the well-pleaded facts in Brookwood's Complaint, which must be accepted as true for purposes of their motion. Avant otherwise misstates the law and the facts in an effort to have this Court improperly grant its motion.

In response, Brookwood filed an Amended Complaint. Brookwood's Amended Complaint added even more factual detail to its original 39-page Complaint, mooting many of Avant's arguments.[2] As explained herein, Avant's remaining arguments are meritless. Accordingly, the Court should deny Avant's motion to dismiss.

### III. LEGAL STANDARD

In considering a Rule 12(b)(6) motion to dismiss, this Court must "accept as true 'all facts set forth in the complaint.'" *E.g.*, *Harris v. M & T Bank*, No. 1:13-cv-00594, 2013 WL 3732871 at *2 (N.D. Ga. July 12, 2013). "Further, the [C]ourt must draw all reasonable inferences in the light most favorable to the plaintiff." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)).

---

[2] While Brookwood removed its claim under Section 32 of the Lanham Act, to the extent that Avant attempts to imply that BROOKWOOD is not protectable merely because it was denied registration by the USPTO, this is patently false. *See* 15 U.S.C. § 1125(a).

Moreover, Federal Rule of Civil Procedure 8(a) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." While the factual allegations contained in the complaint must "raise the right to relief above the speculative level," the Supreme Court has made clear that this standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1126 n.4 (11th Cir. 2014) (quoting *Twombly*, 550 U.S. at 556).

Further, "[t]he remedy for an allegation lacking sufficient specificity to provide adequate notice is, of course, a Rule 12(e) motion for a more definite statement." *Id.* As the Eleventh Circuit has explained:

> Under 12(e) the Court must determine whether the complaint is **such that a party cannot reasonably be required to frame a responsive pleading**. But the fact that a careful Judge, in the exercise of that wise discretion controlled by the prescribed principles of that rule, might so conclude **does not permit him to dismiss the complaint for failure to state a claim.**

*Id.* (quoting *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126 (5th Cir. 1959)[3]) (emphasis added). Applying these rules, the Court should deny Avant's motion to dismiss.

---

[3] *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting all decisions of the former Fifth Circuit prior to October 1, 1981).

7

# IV. ARGUMENT

**A. Avant's Nominative Fair Use Argument Fails.**

Avant's primary argument is that Brookwood's Complaint should be dismissed because Avant only used BROOKWOOD in "a single sponsored ad" (i.e., the Infringing Ad) "generated by Google," and that this use is "classic 'nominative fair use.'" (Defs. Mot. to Dismiss 2-3, 13-14.) This argument fails for two independent reasons.[4]

First, this argument ignores the well-pleaded allegations in Brookwood's Complaint. Contrary to Avant's argument, Brookwood's Complaint alleges that Avant has used BROOKWOOD not only in the Infringing Ad, but in ***numerous*** other ways as well. For example, Brookwood alleges that Avant used BROOKWOOD in: (a) a number of other Google ads; (b) a number of ads on other search engines; and (c) the meta tags of Avant's website. (*See* Am. Compl. ¶¶ 34-35, 43, 56, 58.) Avant wilfully ignores these allegations, choosing instead to address only the Infringing Ad. (*See* Defs. Mot. to Dismiss 2-3, 10-11, 13-14.)

---

[4] In making the argument that the Infringing Ad is not actionable trademark infringement, Avant takes a position contrary to the position their lead counsel recently took in another case—that use of a competitor's trademark "within the headlines and text of sponsored search result advertisements" constitutes trademark infringement. *See Orbitz Worldwide, LLC v. Fareportal, Inc.*, No. 1:11-cv-08918 (N.D. Ill. Apr. 12, 2012), ECF No. 1, a copy of which is attached hereto as "Exhibit A."

Avant's failure to address these other uses, which must be accepted as true at this stage, is fatal to Avant's nominative fair use argument. (*See id.*) Indeed, discovery will likely establish that Avant used BROOKWOOD *extensively* and in a *variety* of advertisements, none of which even Avant would contend qualify as nominative fair use.[5]

Second, and even assuming *arguendo* that Avant only used BROOKWOOD in the Infringing Ad, Avant's use of Brookwood's mark in that ad is ***not nominative***, as a matter of law. Controlling Eleventh Circuit authority, directly-on-point authority from other jurisdictions, and the most authoritative treatise on trademarks mandate this conclusion. Indeed, despite Avant's conclusory assertion to the contrary—which is unsupported by a single case citation or any explanation—the Infringing Ad does not set up a comparison between alternatives that "reflect[s] the true and accurate relationship between plaintiff and defendant's products or services," as it must to constitute nominative fair use. *See* McCarthy, *supra* at § 23:11 (citing *Century 21*, 425 F.3d at 232).

---

[5] Brookwood is not required to ***prove*** all Avant's uses at the pleading stage or even establish that such uses are probable. Avant has purchased a number of different ads on Google and other search engines, not just the Infringing Ad; the Exhibits to Brookwood's Amended Complaint confirm this. (Am. Compl. ¶¶ 33-34, 40, Exs. A-C.) Therefore, accepting Avant's own allegations about how Google AdWords operates as true, BROOKWOOD also would have been "inserted" into Avant's other Google ads. (Am. Compl. ¶¶ 33-34, 40.)

Rather, here, just like in *North American Medical Corp. v. Axiom Worldwide, Inc.*, 522 F.3d 1211, 1223 (11th Cir. 2008), there is absolutely no "comparative advertising in [Avant's] website [or advertisement] which would [make] clear to consumers that [Brookwood's and Avant's products] are competing items." (*See* Am. Compl., Ex. B.) Moreover, there is "nothing in [Avant's] website itself to disabuse consumers of the notion (suggested by the Google [advertisement]) that there is some relationship between [Brookwood and Avant]."[6] 522 F.3d at 1223. Accordingly, just like in *Axiom*, Avant's use of BROOKWOOD in the Infringing Ad is actionable trademark infringement and not, as Avant contends, "fair use." *Id.* at 1224.

Similarly, in *Charles of the Ritz Group Ltd. v. Quality King Distributors, Inc.*, 636 F.Supp. 433, 437 (S.D.N.Y. 1986), the court held that a use even less confusing than Avant's use of BROOKWOOD in the Infringing Ad was an infringing use, not a comparative advertisement or other type of nominative fair use. In *Charles of the Ritz*, defendants ran an advertisement that read: "IF YOU LIKE OPIUM YOU'LL LOVE OMNI." *Id.* at 437. The Infringing Ad

---

[6] For this reason, even if consumers understood they were visiting Avant's website when they clicked on Avant's Infringing Ad, consumers would believe Avant was selling BROOKWOOD services. Therefore, the proximity of Brookwood's own website to the Infringing Ad (which in any event changed depending on the time of the search, location of the searcher, etc.) has no bearing on whether the Infringing Ad was confusing or misleading. (*See* Defs. Mot. to Dismiss 10-11.)

("Brookwood loans – Try Avant Loans") implicitly conveys the same message: "IF YOU LIKE [BROOKWOOD LOANS] YOU'LL LOVE [AVANT]." Just like in *Charles of the Ritz*, this raises a "substantial likelihood of confusion as to the source of [Avant's services]." *Id.* Moreover, unlike in *Charles of the Ritz*, where the advertisement was accompanied by a (small) disclaimer explaining that "OPIUM" was a trademark that was not associated with "OMNI," *see* 636 F.Supp. at 436, Avant here has provided *no* information apprising consumers of the lack of relationship between Brookwood and Avant. (*See, e.g.*, Am. Compl. ¶¶ 45-47.) Accordingly, just like the advertisement in *Charles of the Ritz*, Avant's Infringing Ad is not a comparative advertisement; it is an intentional, verbatim use of a direct competitor's service mark that is highly likely to cause consumer confusion. Therefore, Avant's nominative fair use argument fails as a matter of law.[7]

---

[7] The Eleventh Circuit has recognized that "[g]enerally, the existence of an affirmative defense will not support a motion to dismiss." *Brown v. One Beacon Ins. Co. Inc.*, 317 Fed.Appx. 915, 916 (11th Cir. 2009). Following this general rule, courts refuse to find nominative fair use at the motion to dismiss stage, before the plaintiff has a chance to present evidence. *See, e.g.*, *Slep-Tone Entm't Corp. v. Elwood Enterprises, Inc.*, No. 13 C 7346, 2014 WL 1612891, at *5 (N.D. Ill. Apr. 21, 2014) (refusing to dismiss complaint based on defendant's assertion of nominative fair use defense); *Impact Applications, Inc. v. CNS Vital Signs*, No. CIV.A. 13-580, 2013 WL 5936422, at *7 (W.D. Pa. Nov. 5, 2013); *Designer Skin, LLC v. S&L Vitamins, Inc.*, No. CV 05-3699 PHXJAT, 2007 WL 841471, at *2 (D. Ariz. Mar. 19, 2007) (same); *Elec. Arts, Inc. v. Textron, Inc.*, No. C 12-00118 WHA, 2012 WL 3042668, at *5 (N.D. Cal. July 25, 2012) (same). Avant's nominative fair use argument fails for this additional reason.

**B. Brookwood has Sufficiently Pleaded that BROOKWOOD is Famous.**

Avant also argues that Brookwood's trademark dilution claim should be dismissed because BROOKWOOD is not famous. (*See* Defs. Mot. to Dismiss 14-17.) Whether a mark is famous, however, is an issue of fact that generally cannot be decided on a motion to dismiss. *See WEC Holdings, LLC v. Juarez*, No. 2:07-cv-00137-bes-pal, 2008 WL 345792 at *5 (D. Nev. Feb. 5, 2008). Indeed, a plaintiff need not "provide evidence, at [the motion to dismiss] stage, that its mark is famous" in order to state a viable claim for trademark dilution. *Id.* Instead, a plaintiff need only "plead the elements of a dilution claim sufficient to set forth a claim for relief." *Id.*; *see also, e.g.*, *Vulcan Gold, LLC v. Google, Inc.*, 552 F.Supp.2d 752, 773 (N.D.Ill. 2008) (declining to determine fame at the motion to dismiss stage "[g]iven the factual inquiry necessary to determine whether a trademark is 'famous' for purposes of [the Lanham Act]"); *see also Paylor*, 748 F.3d at 1126 n.4 (noting the *Iqbal/Twombly* standard "does not impose a probability requirement at the pleading stage").

Brookwood has more than satisfied this requirement.[8] For example, Brookwood explains that it has expended "significant time, money, and effort,

---

[8] While Brookwood's original complaint alleged sufficient facts to demonstrate the fame of BROOKWOOD, Brookwood has amended its complaint to add even

engaging in extensive advertising, marketing, and promotion of [BROOKWOOD] throughout the United States," both online and offline. (Am. Compl. ¶¶ 22-24, 94.) Brookwood has also provided multiple *examples* of its marketing and advertising efforts, including stating that it has advertised BROOKWOOD on its own website, Google's AdWords program, www.yellowpages.com, and various other search engines and websites, among other channels. (*Id.*) Avant apparently takes the position that Brookwood can only satisfy the applicable pleading standard by divulging in its Complaint all of its confidential and proprietary information related to its advertising and marketing efforts. That is simply not the rule, for obvious reasons—especially not in cases, such as this, where a direct competitor has already admitted to intentional conduct aimed at stealing the plaintiff's customers. Accordingly, Avant's argument that Brookwood has insufficiently pleaded that BROOKWOOD is "famous" must fail.

Even all of Avant's own "authority" mandates this conclusion. As an initial matter, every single fame case Avant cites for the proposition that BROOKWOOD is not famous was decided on a full factual record after trial or summary judgment discovery, except *Brain Pharma, LLC v. Scalini*, 858 F.Supp.2d 1349 (S.D. Fla. 2012). In that case, however, the plaintiff merely alleged that "the [mark at issue]

---

more allegations regarding the fame of its mark. (Compare Compl. ¶¶ 21-25, 73 with Am. Compl. ¶¶ 21-26, 93-95.)

became famous within the meaning of 15 U.S.C. § 1125(c)." *Id.* at 1357. By contrast, Brookwood has pleaded the *actions* it has taken to promote, market, and advertise its mark such that it is now widely recognized by the general public. (Am. Compl. ¶¶ 22-27, 93-95.) Here, Brookwood has also established that Avant used the BROOKWOOD mark verbatim, and intentionally, to advertise directly competing services. As the cases Avant itself cites recognize, Avant's "intentional copying of [Brookwood's] trademark[] is evidence of [its] fame [because] there is no logical reason for the precise copying save an attempt to realize upon a secondary meaning that is in existence." *Ford Motor Co. v. Lloyd Design Corp.*, 184 F.Supp.2d 665, 678 (collecting cases) (cited by Avant at Defs. Mot. to Dismiss 16 n.8).

### C. The Court Should Reject Avant's Remaining Arguments.

In their motion to dismiss, Avant also asserts various other arguments that, again, ignore Brookwood's well-pleaded allegations or simply misrepresent the facts and law. The Court should reject all of these arguments.

First, Avant argues that Brookwood does not state a claim for Federal false advertising because Brookwood did not "plead specific facts tending to show that [Avant] made a material false statement . . . and that such statement was/is likely to damage Plaintiff." (Defs. Mot. to Dismiss 17.) Avant is wrong. In its Complaint,

Brookwood asserts that the Infringing Ad and others like it contain materially misleading statements, and ***thoroughly explained***, in ***five paragraphs***, how such advertisements are misleading (namely, because they falsely imply that Avant's services are affiliated with or endorsed by Brookwood). (*See* Am. Compl. ¶¶ 45-47, 60, 119; *see also, e.g.*, Compl. ¶¶ 45-47, 89, 95, 102, 108.) Furthermore, Brookwood has specifically alleged multiple types of injuries resulting from Avant's use of BROOKWOOD. (Am. Compl. ¶¶ 64-65, 127.)

Second, Avant argues that Brookwood's O.C.G.A. § 13-6-11 litigation expenses claim should be dismissed because is just a remedy that must be prayed for, not a cause of action that must be pleaded. This is also wrong. In fact, the text of the statute itself allows litigation expenses only when "the plaintiff has specially pleaded ***and*** has made prayer therefor . . . ." O.C.G.A. § 13-6-11 (emphasis added). Therefore, it is unsurprising that Avant cites no authority stating (or even suggesting) that a claim for litigation expenses under section 13-6-11 should be dismissed solely because it is pleaded as a cause of action. Indeed, in the only case from which Avant appears to draw this misguided conclusion, *Monge v. Madison County Record, Inc.*, 802 F.Supp.2d 1327, 1339 (N.D.Ga. 2011), the court dismissed the plaintiff's section 13-6-11 claim only because all other claims had been dismissed and, without any other viable claims, the plaintiff could prove that

the defendant engaged in the bad-faith, stubbornly litigious conduct that would entitle the plaintiff to litigation expenses under 13-6-11.

Third, Avant asserts that Brookwood's complaint is a "quintessential shotgun pleading" that should be re-pleaded because Brookwood incorporates prior allegations into each of its substantive counts. (Defs. Mot. to Dismiss 24.) This, however, is a standard pleading practice that has been not only explicitly recognized by the Federal Rules of Civil Procedure and this Court[9] as appropriate but also utilized by Avant's lead counsel.[10] *See* Ex. A at 15-18 (beginning each of six counts by re-alleging and incorporating by reference all prior paragraphs of the complaint). Therefore, neither this practice nor anything else in Brookwood's detailed, thorough Complaint (or Amended Complaint) renders those documents "quintessential shotgun pleadings," which are by definition—and in stark contrast to Brookwood's pleadings—"full of vague and conclusory allegations that make it difficult . . . to understand the claims [asserted] and the factual bases that underlie

---

[9] *See* Fed. R. Civ. P. 10(c); *see also T-12 Entertainment, LLC v. Young Kings Enterprises, Inc.*, No. 1:14-CV-841-TCB, 2014 WL 3893022 at *3 (N.D.Ga. Aug. 11, 2014).

[10] To the extent Avant takes issue with the proper practice of incorporating prior counts into later counts where the elements of such counts are identical, such arguments are moot, as Brookwood's Amended Complaint recites each element of each cause of action separately. (*See* Am. Compl. ¶¶ 72-145.)

them." *Wilson v. JP Morgan Chase Bank, N.A.*, No. 2:11-cv-00135-RWS 2012 WL 603595 at *3 (N.D. Ga. Feb. 24, 2012).

For all these reasons, the Court should reject Avant's remaining scattershot arguments.

## V. CONCLUSION

Avant admits using the well-established BROOKWOOD mark in first position advertising on the most popular search engine in the world in order to market consumer lending services that directly compete with Brookwood's to consumers that search for "Brookwood Loans." In such ads, Avant does not compare their services to Brookwood's in a non-confusing way by, *e.g.*, using a disclaimer that would educate consumers that Brookwood is a direct competitor. Instead Avant invites consumers who "like Brookwood" to try Avant's services, misleading consumers into believing there is an association between Avant and Brookwood. Avant also uses BROOKWOOD in many other ways which have not been fully fleshed out because discovery has not yet begun.

In their motion to dismiss, Avant simply ignores Brookwood's well-pleaded allegations (which must be taken as true at the motion to dismiss stage). Avant also misrepresents and omits critical law and facts. Avant cannot avoid liability (and discovery) in this manner. Instead, the application of controlling authority to

the well-pleaded facts alleged in Brookwood's Complaint compels the conclusion that Avant's motion to dismiss must be denied.

Respectfully submitted this 22nd day of December, 2014.

>WARGO & FRENCH LLP
>
>/s/ Ryan D. Watstein
>Joseph D. Wargo
>Georgia Bar No. 738764
>jwargo@wargofrench.com
>Ryan D. Watstein
>Georgia Bar No. 266019
>rwatstein@wargofrench.com
>999 Peachtree Street NE
>26th Floor
>Atlanta, GA  30309
>Phone:  (404) 853-1500
>Fax:  (404) 853-1501
>*Attorneys for Plaintiff*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), the undersigned counsel for Plaintiff certifies that counsel have prepared the foregoing **OPPOSITION TO DEFENDANTS AVANT CREDIT CORPORATION AND AVANT CREDIT OF GEORGIA, LLC'S MOTION TO DISMISS** in Times New Roman 14-point type, which is one of the font and point selections approved by the Court in Local Rule 5.1(B).

                                               WARGO & FRENCH LLP

                                               /s/ Ryan D. Watstein
                                               Ryan D. Watstein

# CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2014, I electronically filed the foregoing **OPPOSITION TO DEFENDANTS AVANT CREDIT CORPORATION AND AVANT CREDIT OF GEORGIA, LLC'S MOTION TO DISMISS** with the Clerk of Court using the CM/ECF System, which will automatically send e-mail notification of such filing to the following attorneys of record:

Jami A. Gekas, Esq.
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, Illinois 60654

Brooke L. French, Esq.
CARLTON FIELDS JORDEN BURT, P.A.
1201 West Peachtree Street, N.W., Suite 3000
Atlanta, Georgia 30309

/s/ Ryan D. Watstein
Ryan D. Watstein
Attorney for Plaintiff